IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRIAN JOHNSON, #294 755, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-CV-317-RAH |
| | ) | [WO] |
| ALABAMA BOARD OF PARDONS | ) | |
| and PAROLES MEMBERS, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

*Pro se* Plaintiff Brian Johnson ['Johnson"], a state inmate confined at the Staton Correctional Facility in Elmore, Alabama, files this 42 U.S.C. § 1983 action challenging the constitutionality of the parole consideration process utilized by members of the Alabama Board of Pardons and Paroles. Specifically, Johnson alleges that inmates convicted of sex offenses are treated differently than non-sex offender inmates during the parole consideration process when determining their eligibility for parole. Doc. 1.

Johnson's Complaint is considered to contain a request for class action status under Rule 23, *Federal Rules of Civil Procedure*. Johnson seeks class certification of this case on behalf of several inmates confined at Staton who have filed civil actions with this Court challenging the parole consideration and eligibility issue presented in this case and presumably seeks to act as the class representative. Doc. 1. The Court construes the

request as a motion for class certification. Upon consideration of the motion, the Court finds the motion for class certification should be denied.

## II.  DISCUSSION

Johnson is a *pro se* inmate unschooled in the law who seeks to represent the interests of the putative class. Among the requirements which litigants must meet in order to maintain an action as a class action is that a class representative must "fairly and adequately protect the interests of the class." Rule 23(a)(4), *Federal Rules of Civil Procedure*. While a *pro se* litigant may "plead and conduct" his own claims in federal court, 28 U.S.C. § 1654, he has no concomitant right to litigate the claims of other individuals.

Under the circumstances of this case, the undersigned finds that Johnson cannot adequately protect the interests of those inmates at Staton Correctional Facility who are prospective class members and his motion for class certification is therefore due to be denied. *See Johnson v. Brown*, 581 F. App'x. 777, 781 (11th Cir. 2014) (holding that "the district court did not abuse its discretion when it denied [the *pro se* inmate plaintiff's] motion for class certification. . . . As a *pro se* litigant, [the plaintiff] cannot bring an action on behalf of his fellow . . . inmates. *See Timson [v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008)] (explaining that 28 U.S.C. § 1654, the provision permitting parties to proceed *pro se*, provides 'a personal right that does not extend to the representation of the interests of others'); *Massimo v. Henderson*, 468 F.2d 1209, 1210 (5th Cir. 1972) (concluding that a *pro se* inmate could not bring a petition for equitable relief on behalf of his fellow inmates."); *Howard v. Pollard*, 814 F.3d 476, 478 (7th Cir. 2015) (holding "it is *generally* not an abuse of discretion for a district court to deny a motion for class certification on the

ground that a *pro se* litigant is not an adequate class representative.") (emphasis in original); *DeBrew v. Atwood*, 792 F.3d 118, 131–32 (D.C. Cir. 2015) (holding that "[t]he district court did not abuse its discretion in concluding [*pro se* plaintiff] could not [fairly and adequately protect the interests of the class] because a *pro se* litigant who is not trained as a lawyer is simply not an adequate class representative."); *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (internal quotation marks omitted) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)) (holding a *pro se* plaintiff is not an adequate class representative "because the competence of a layman is clearly too limited to allow him to risk the rights of others."); *Morris v. Baldwin*, 2018 WL 4403307, at *2 (S.D. Ill. May 31, 2018), *Report and Recommendation adopted*, 2018 WL 3016498 (S.D. Ill. June 14, 2018) (finding "it would be inappropriate to certify the class while Plaintiff proceeds *pro-se*."). Furthermore, it is clear that the prosecution of separate civil actions will not create a risk of inconsistent or varying adjudications with respect to any general claims for relief. Rule 23(b)(1)(A), *Federal Rules of Civil Procedure*; *see also Inmates, Washington County Jail v. England*, 516 F. Supp. 132 at 144 (E.D. Tenn. 1980), *affirmed*, 659 F.2d 1081 (6th Cir. 1981) (denying *pro se* plaintiffs' request to certify case as a class action because "any declaratory relief granted . . . would likely inure to the benefit of other similarly-situated individuals" even absent granting the request for class certification). The Court therefore concludes that Johnson's motion to certify this case as a class action is due to be denied.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's motion to certify case as a class action (Doc. 1) be DENIED.

2. This case be referred to the undersigned for further proceedings.

It is further

ORDERED that by **June 21, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 7th day of June, 2022.

/s/ Stephen M. Doyle
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE